IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ODELL HAMPTON,
ADC #84229                                                                                          PLAINTIFF

v.                                         5:07CV00056JMM/HLJ

KIM LUCKETT, et al.                                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District
      Judge (if such a hearing is granted) was not offered at the
      hearing before the Magistrate Judge.

> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a state inmate currently confined at the Varner Unit of the Arkansas Department of Correction (ADC), filed this action pursuant to 42 U.S.C. § 1983 against defendants, based on his classification and placement in administrative segregation (ad seg). By Order dated March 26, 2007 (DE #3), this Court granted plaintiff's application to proceed in forma pauperis, and directed plaintiff to file an amended complaint within thirty days of the date of the Order, specifying his allegations against all named defendants. Plaintiff has now filed his amended complaint (DE #5).

In his original and amended complaints, plaintiff states that after he was falsely accused by another inmate of sexual improprieties in December, 2006, he was placed in ad seg. Although plaintiff was later found innocent of the charges in a disciplinary hearing, he states the classification committee continued his assignment in ad seg, based on his institutional file and a threat to security. Plaintiff claims he was taken out of Class I-C general population and placed in ad seg solely based on the false allegations by the inmate, and that he currently is not allowed to participate in certain

religious programs.

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(b)(1), (2).

A complaint or portion thereof should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Furthermore, pro se complaints must be held "to less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and each allegation must be accepted as true. See Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992). However, broad conclusory allegations, even in a pro se complaint, are insufficient to state a claim under 42 U.S.C. § 1983. Grady v. Wilken, 735 F.2d 303, 305 (8th Cir. 1984). A well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts. Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

The Court finds that plaintiff's allegations concerning his confinement in administrative segregation fail to state a claim. In Sandin v. Connor, 115 S.Ct. 2293 (1995), the Court held that inmates do not possess a due process liberty interest in freedom from administrative or punitive segregation. Recognizing, however, that states may themselves create certain protected liberty interests, the Court noted that those would be "limited to freedom from restraint which, while not

exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause...imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 115 S.Ct. at 2293. Following Sandin, the Eighth Circuit Court of Appeals held in Kennedy v. Blankenship, 100 F.3d 640, 642 (1996), that the plaintiff's demotion from administrative segregation to punitive isolation was "not the sort of deprivation that qualifies as 'atypical and significant.'" Furthermore, in Phillips v. Norris, 320 F.3d 844, 847 (8th Cir. 2003), the Court stated, "We have consistently held that a demotion to segregation, even without cause, is not itself an atypical and significant hardship."

In Phillips, supra, the Court held that the absence of contact visitation, exercise privileges, and chapel rights for thirty-seven days did not constitute an atypical and significant hardship. In addition, in Griffin v. Vaughn, 112 F.3d 701, (3d Cir. 1997), the Court held that administrative confinement for fifteen months did not impose an atypical and significant hardship. Finally, in Jones v. Baker, 155 F.3d 810 (6th Cir. 1998), the Court held that administrative segregation confinement for two and one-half years was not atypical and significant. See also Carrera v. Nebraska Department of Correctional Services, 2005 WL 2042305 (D.Neb. 2005).

In this particular case, plaintiff's only allegation concerning his present conditions of confinement concerns his inability to attend certain religious programs. Plaintiff does not allege that he is prohibited from practicing his religion, and he includes no other allegations which would warrant a finding of "atypical and significant." It appears to the Court that plaintiff has been confined in ad seg since approximately December 4, 2006, which is a period of a little less than five months. Therefore, the Court finds that within the context of Sandin, supra, plaintiff's confinement in administrative segregation does not state a Fifth Amendment deprivation of liberty violation.

Furthermore, to the extent that plaintiff complains about his "reclassification", the courts have held that no federally-protected right exists with respect to classification of prisoners. In Strickland v. Dyer, 628 F.Supp. 180 (E.D.AR 1986), the Court stated, "The United States Supreme Court stated in reference to federal prisons that prisoner classification was delegated by Congress to the discretion of prison officials and thus implicates "no legitimate statutory or constitutional entitlement sufficient to invoke due process." Quoting Moody v. Daggett, 97 S.C.t 274, 279 n. 9 (1976). The Court then applied the holding from Moody to an Arkansas prisoner's challenge to his reclassification. Therefore, the Court finds that plaintiff's classification allegations also fail to state a claim. Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's complaint against defendants is hereby DISMISSED with prejudice, for failure to state a claim.[1]

IT IS SO ORDERED this 2nd day of May, 2007.

_____
United States Magistrate Judge

---

[1] This dismissal is considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C § 1915(g), which provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.